FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

2016 MAY -2  P 1: 30

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

| | | |
|---|---|---|
| **JOSHUA A. HUFFMAN,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Case No.: GJH-16-515** |
| **WICOMICO COUNTY DETENTION CTR.,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MEMORANDUM OPINION

Plaintiff Joshua A. Huffman, proceeding pro se, initiated this action on February 19, 2016, and, at the direction of the Court, he supplemented his Complaint on April 11, 2016. ECF Nos. 1 & 6. Huffman is suing the Wicomico County Detention Center ("WCDC") under 42 U.S.C. § 1983 for invasion of privacy and violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. ECF No. 6 at 1. Huffman complains that from April through June 2015, while he was incarcerated at WCDC and in protective custody or disciplinary segregation, there were cameras in inmate cells.[1] He further claims that correctional officers, including female officers, monitored the cameras installed in the prisoners' cells to watch prisoners wash and use the bathroom. *See* ECF No. 1. Huffman indicates that the officers talked about putting the images on the internet. He further complains that female officers should be announced when they are on a male prison tier. Huffman alleges he had chest pains related to

---

[1] The Complaint does not indicate whether Huffman was a pre-trial detainee or serving a term of incarceration at the time he was at WCDC.

stress or panic due to these concerns. *See* ECF No. 6. As relief, he seeks \$1 million in damages for the invasion of his privacy and also asks for removal of cameras from inmate cells.

The Supreme Court has stated that "[a] right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the close and continual surveillance of inmates and their cells required to ensure institutional security and internal order" *Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984)). Nevertheless, intrusions on an inmate's bodily privacy which may be properly characterized as "calculated harassment unrelated to prison needs" may give rise to cognizable Eighth Amendment claims of cruel and unusual punishment. *Id.* at 530. The United States Court of Appeals for the Fourth Circuit has stated:

> Much of the life in prison is communal, and many prisoners must be housed in cells with openings through which they may be seen by guards. Most people, however, have a special sense of privacy in their genitals, and involuntary exposure of them in the presence of people of the other sex may be especially demeaning and humiliating. When not reasonably necessary, that sort of degradation is not to be visited upon those confined in our prisons.

*Lee v. Downs*, 641 F.2d 1117, 1119 (4th Cir. 1981).

Huffman's Complaint has been accepted for filing under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires a court to dismiss any claim that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* 28 U.S.C § 1915A(b)(1). A federal judge is obliged, however, to liberally construe the pleadings of self-represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56, 127 S.Ct. 1955 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller*

2

*v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that a district court may not "conjure up questions never squarely presented" to save a case from dismissal).

In order to bring a civil rights action under 42 U.S.C. § 1983, a plaintiff must demonstrate that: (1) he suffered a deprivation of rights secured by the Constitution of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988). Defendant WCDC is not a "person" and thus is not subject to suit under § 1983. *See, e.g., Montgomery v. Conmed, Inc.*, No. ELH-13-0930, 2016 WL 241738, at *n 6 (D. Md. Jan. 19, 2016) (dismissing Detention Center because it was not a "person" subject to suit under 42 U.S.C. § 1983); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) ("[A] jail is not an entity that is amenable to suit."); *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993) (jail not subject to suit). For this reason, the claims against WCDC must be dismissed.[2]

Further, Huffman's threadbare accusations are insufficient to state a claim. He provides no details to substantiate his allegation that female officers monitored cameras recording him in the shower or using the toilet. He does not allege that the monitoring was unrelated to prison security needs or amounted to calculated harassment, and his concerns that images might be posted on the internet are wholly speculative. In sum, the Complaint fails to suggest use of cell cameras amounted calculated harassment unrelated to prison needs so as to give rise to a violation of constitutional rights.

---

[2] Although WCDC is not a person amenable to suit under § 1983, because this dismissal is without prejudice, Huffman may seek to refile this action against any individual officers or other persons who he alleges invaded his privacy or violated his constitutional rights.

Accordingly, this case will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), by separate Order to follow.

_____5/2/2016_____
Date

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE

4